IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CLIFTON JAMES TERRELL, JR.,

          Petitioner.

  v.

D. L. RUNNELS, Warden,

          Respondent.

                               /

No. C 07-01457 SBA (PR)

**ORDER DISMISSING CLAIMS TWO AND THREE; DENYING STAY PENDING EXHAUSTION; AND GRANTING EXTENSION OF TIME TO FILE TRAVERSE**

Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In an Order dated August 2, 2007, the Court issued its Order to Show Cause. Respondent has filed an answer. To date, Petitioner has not filed a traverse.

In his petition, Petitioner alleges a total of three claims. In the answer, Respondent claims that two of the three claims are unexhausted or, alternatively, not cognizable under § 2254. In response, Petitioner concedes that two of his claims are unexhausted. Therefore, the action must be dismissed as a mixed petition under Rose v. Lundy, 455 U.S. 509, 510 (1982), or in the alternative, Petitioner may elect to delete the unexhausted claims (claims two and three) and proceed on the remaining exhausted claim (claim one).

Before the Court is Petitioner's motion to stay his federal petition. Petitioner requests that he be permitted to return to state court to exhaust the unexhausted claims.

District courts have the authority to issue stays and the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") does not deprive them of that authority. Rhines v. Webber, 544 U.S. 269, 277-78 (2005). The district court's discretion to stay a mixed petition is circumscribed by AEDPA's stated purposes of reducing delay in the execution of criminal sentences and encouraging petitioners to seek relief in the state courts before filing their claims in federal court. Id. Because the use of a stay and abeyance procedure has the potential to undermine these dual purposes of AEDPA, its use is only appropriate where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious. Id. Moreover, where granting a stay, the district court must effectuate the

**United States District Court**
For the Northern District of California

1   timeliness concerns in AEDPA by placing "reasonable limits on a petitioner's trip to state court and

2   back." Id. at 278.  Prisoners who may run the risk of having the federal statute of limitations expire

3   while they are exhausting their state remedies may avoid this predicament "by filing a 'protective'

4   petition in federal court and asking the federal court to stay and abey the federal habeas proceedings

5   until state remedies are exhausted." Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (citing Rhines,

6   544 U.S. at 277-78).  "[I]t likely would be an abuse of discretion for a district court to deny a stay

7   and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his

8   unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged

9   in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278.  In such circumstances, the

10  district court should stay, rather than dismiss, the mixed petition. Id. (citing Rose, 455 U.S. at 522

11  (the total exhaustion requirement was not intended to "unreasonably impair the prisoner's right to

12  relief")).

13          Here, it appears that granting a stay would not be appropriate because Respondent alleges

14  that Petitioner's two unexhausted claims are not cognizable under § 2254.  The burden has shifted to

15  Petitioner to allege that his claims are cognizable.  However, in his motion to stay, Petitioner merely

16  requests for a stay and fails to show that the unexhausted claims are cognizable.

17          As claims two and three, Petitioner asserts that: the Court of Appeal "erred when it refused to

18  reverse the trial court's erroneous admission of the telephone confessions to family members" (claim

19  two); and the California Supreme Court erred by refusing to review [his] case, therefore upholding

20  the Court of Appeal's erroneous decision" (claim three).  (Pet. at 6.)  The Court finds that claims two

21  and three are not cognizable in a federal habeas action because errors in the state post-conviction

22  review process are not addressable through federal habeas corpus proceedings. See Ortiz v. Stewart,

23  149 F.3d 923, 939 (9th Cir. 1998); Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997);

24  Villafuerte v. Stewart, 111 F.3d 616, 632 n.7 (9th Cir. 1997); Franzen v. Brinkman, 877 F.2d 26, 26

25  (9th Cir.), cert. denied, 493 U.S. 1012 (1989).  Such errors do not generally represent an attack on

26  the prisoner's detention and therefore are not proper grounds for habeas relief. See id.  They instead

27  generally pertain to the review process itself and not to the constitutionality of a state conviction.

28  See, e.g., Hopkinson v. Shillinger, 866 F.2d 1185, 1218-20 (10th Cir. 1989) (state court's summary

**United States District Court**
For the Northern District of California

1  denial of petition for post-conviction relief is procedural deficiency in review process that does no

2  violence to federal constitutional rights).  Therefore, claims two and three are DISMISSED without

3  leave to amend.  Accordingly, the instant petition is no longer a mixed petition as the parties agree

4  that claim one is exhausted.[1]  There is no reason for the Court to grant Petitioner a stay to exhaust

5  claims two and three, which have been dismissed as not cognizable.  Therefore, his request for a stay

6  is DENIED.

7       Also before the Court is Petitioner's motion for an extension of time to file his traverse.

8  Good cause appearing, the request is GRANTED.  Petitioner shall file a traverse no later than **thirty**

9  **(30) days** from the date of this Order.

10       **CONCLUSION**

11       For the foregoing reasons,

12       1.    Petitioner's claims two and three are DISMISSED without leave to amend.

13       2.    Petitioner's request for a stay (docket no. 8) is DENIED.

14       3.    Petitioner's motion for an extension of time to file his traverse (docket no. 8) is

15  GRANTED.  Petitioner shall file a traverse no later than **thirty (30) days** from the date of this

16  Order.  Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision

17  **thirty (30) days** from the date of this Order.

18       4.    It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court

19  and Respondent informed of any change of address and must comply with the Court's orders in a

20  timely fashion.  Petitioner must also serve on Respondent's counsel all communications with the

21  Court by mailing a true copy of the document to Respondent's counsel.

22       5.    Extensions of time are not favored, though reasonable extensions will be granted.

23  Any motion for an extension of time must be filed no later than **ten (10) days** prior to the deadline

24  sought to be extended.

25       6.    This Order terminates Docket no. 8.

26       IT IS SO ORDERED.

27  DATED: 7/3/08         *Saundra B Armstrong*

28

[1] Respondent has addressed the merits of claim one in his answer.

P:\PRO-SE\SBA\HC.07\Terrell1457.denySTAY&grantEOT-trav.wpd

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

CLIFTON JAMES TERRELL JR,                          Case Number: CV07-01457 SBA

        Plaintiff,                                   **CERTIFICATE OF SERVICE**

  v.

D.L. RUNNELS et al,

        Defendant.
                           /

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 7, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Clifton J. Terrell V79508
Pelican Bay State Prison
P.O. Box 7500
Crescent City,  CA 95531

Dated: July 7, 2008

                               Richard W. Wieking, Clerk
                               By: LISA R CLARK, Deputy Clerk

**United States District Court**
For the Northern District of California

P:\PRO-SE\SBA\HC.07\Terrell1457.denySTAY&grantEOT-trav.wpd